UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASIA BOWERS, an individual,

    Plaintiff,

vs.                                        CASE NO. 8:13-CV-01749-T-17TGW

CORINTHIAN COLLEGES, INC., a
Delaware Corporation, d/b/a
EVEREST UNIVERISTY

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's, CORINTHIAN COLLEGES, INC., a Delaware Corporation d/b/a EVEREST UNIVERSITY, Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (the "Motion"), (Doc. # 29), filed July 7, 2014, and Plaintiff's Response in Opposition, (Doc. # 45), filed August 19, 2014. For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff filed the instant Complaint on July 5, 2013. (Doc. # 1). Defendant answered the Complaint August 5, 2013. After conducting nearly a years' worth of discovery, Defendant filed the subject Motion, asserting Plaintiff's claims fail as a matter of law. Defendant argues: 1) Plaintiff's Family Medical Leave Act ("FMLA") claim fails because her conduct is not considered "leave" protected by the FMLA; 2) Plaintiff's Americans with Disabilities Act ("ADA") and Florida Civil Rights Act ("FCRA") claims fail because Plaintiff was unable or unwilling to fulfill job responsibilities, her actions and demands were not a reasonable accommodation, and her conduct created an undue hardship for Defendant. (Doc. # 29). Plaintiff

opposes these arguments, and contends the record evidence is creates disputed material facts sufficient to survive summary judgment. (Doc. # 45).

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. However, if the evidence is merely colorable…or is not significantly probative…summary judgment may be granted. Id. at 249–250.

## ANALYSIS

### A. Interference under the Family Medical Leave Act

Defendant first argues Plaintiff's claim under the FMLA fails because "Plaintiff sought the right (a) to work part-time hours in a full-time position; (b) to be late as frequently and for as long as she pleased; (c) to be frequently but unpredictably absent; and (d) never to have to communicate directly with clarity when she would actually be at work." (Doc. # 29, p. 7). To support these

contentions, Defendant relies on paragraphs 24 through 31, and 42 through 60, of its undisputed facts. (Doc. # 29, p. 7) (citing Doc. # 31). These paragraphs outline both general and specific instances of when Plaintiff was late to, absent from, or left early from work, and failed to appropriately and adequately notify her supervisors. See, e.g., id. at ¶¶26–29, 42, 43, 47, 48, 52, 54–57, 59, and 60. These paragraphs also outline both general and specific instances of when representatives for Defendant contacted Plaintiff to discuss her tardiness or absences. See, e.g., id. at ¶¶31, 44–46, 50, 53–55 and 58.

In response, Plaintiff disputes Defendant's factual recitations. (Doc. # 46). Specifically, Plaintiff alleges she reported to work at noon on July 19, 2011, left early at 4:00 PM for a doctor's appointment, called at 5:28 PM to inform her supervisors her appointment ran longer than expected, and she would "return as soon as she could" (Doc. # 46, ¶20); however, Plaintiff does not dispute Defendant's contention that Plaintiff failed to notify her supervisors of her departure in a timely manner. Further, Plaintiff alleges she complied with the call-in policy and informed her supervisors she would be late for her September 20, 2011, shift, (Doc. # 46, ¶23), as well as her September 29, 2011, shift; however, Plaintiff does not provide a specific basis for the tardiness of her notifications for these two September shifts. Finally, Plaintiff states when she was physically able to call work, she did, and when she was able to provide specific times, she would. (Doc. # 46, ¶33). Plaintiff further states it was sometimes impossible to give advance notice of tardiness or absence because: 1) she may be drowsy or asleep due to sedatives administered during blood transfusions, (Doc. # 46, ¶29); 2) lack of ready access to a telephone or cellular signal during treatments, (Doc. # 46, ¶30); 3) flare-ups at home caused extreme diarrhea, (Doc. # 46, ¶31); 4) "unbearable pain of fissures, fistulas, erythema nodosum" prevented Plaintiff from walking to reach a telephone, (Doc. # 46, ¶32); and 5) Plaintiff's Crohn's disease "precluded her from making

a call in advance of her scheduled shift or knowing when her diarrhea or blood transfusion would end, (Doc. # 46, ¶34).

Defendant further contends Plaintiff's failure to follow the appropriate call-in procedures permits Defendant to deny leave. Plaintiff adamantly disputes the consistency of the call-in procedures, and contends Defendant's policy contained in the handbook conflicts with the procedures her supervisors shared with her and testified to at deposition. (Doc. # 45, pp. 4–6). Specifically, Plaintiff's supervisor testified to a strict, pre-shift call-in procedure that directly contradicted Defendant's policy of calling in as soon as possible.

Sufficient, disputed material facts exist to preclude a finding of summary judgment with respect to Plaintiff's claims under the Family Medical Leave Act. While Plaintiff's actions <u>might</u> have been erratic or unpredictable, Plaintiff has sufficiently alleged disputed material facts and provided conflicting accounts for her tardiness and absences. Further, Plaintiff has elicited testimony evidencing material conflicts between Defendant's call-in procedures and those her supervisors regularly employed, which creates a genuine issue of material fact with respect to the usual and customary practice of requesting leave under FMLA. Therefore, assessing the evidence in the light most favorable to the non-moving party—the Plaintiff—the Court must deny Defendant's motion with respect to Plaintiff's cause of action under the FMLA.

### B. Retaliation in Violation of the Family Medical Leave Act

Defendant next argues Plaintiff's claim for retaliation in violation of the FMLA fails because Plaintiff cannot carry her burden to rebut Defendant's proffered legitimate, non-discriminatory basis for her termination. Defendant articulates Plaintiff was terminated due to her "admitted and repeated failure to follow [Defendant's] call-in policy, which required [Plaintiff] to call her supervisor <u>before</u> her shift began in the event she would be late or absent, and in the case

of lateness, to estimate when she would arrive at work and call back if that time could not be met." (Doc. # 29, p. 15) (emphasis in original). In support, Defendant cites to paragraphs 12, 32, 40, and 61 of the undisputed material facts. (Doc. # 29, p. 15) (citing Doc. # 31). In these paragraphs, Defendant cites to its call-in policy, Plaintiff's admitted understanding of the policy, the Corrective Action Notice Plaintiff received on March 21, 2011, and the terms under which Plaintiff's supervisors requested her termination on November 16, 2011.

Plaintiff asserts she has met the shifted burden announced in McDonnell Douglas v. Green. 411 U.S. 792, 802–805 (1973). As a matter of law, this Court finds Defendant has proffered a legitimate, non-discriminatory basis for Plaintiff's termination. Therefore, the analysis turns on whether Plaintiff has presented evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Martin v. Brevard County Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008). Plaintiff contends the Defendant's proffered basis fails due to: 1) the close temporal proximity between her last FMLA absence and termination; 2) Plaintiff's supervisor's negative comments concerning Plaintiff's FMLA absences in a performance evaluation; 3) Plaintiff's supervisor's inconsistent and unrealistic enforcement of the call-in procedure; 4) Plaintiff's supervisor's requirement that Plaintiff provide proof for her absences; and 5) Plaintiff's supervisor's prior attempt to terminate Plaintiff, and that supervisor's subsequent treatment of Plaintiff. (Doc. # 45, pp. 8–12).

Defendant's request for summary judgment on the issue of retaliation must be denied as a matter of law. In Hurlbert v. St. Mary's Health Care System, Inc., the Eleventh Circuit found that close temporal proximity between requested, protected leave and termination is evidence of pretext, but "probably insufficient to establish pretext by itself." 439 F.3d 1286, 1298 (11th Cir. 2006) (citing Wascura v. City of South Miami, 257 F.3d 1238, 1244–1245 (11th Cir. 2001).

5

Analyzing the matter in a light most-favorable to Plaintiff, the Court must find that the close temporal proximity between the requested leave, combined with the additional reasons Plaintiff enumerated above, create a questions of fact for a jury to determine whether Defendant retaliated against Plaintiff for her leave taken pursuant to the FMLA.

### C. Relief under the Americans with Disabilities Act

Defendant next argues Plaintiff's claim under the Americans with Disabilities Act ("ADA") fails because: 1) Plaintiff is not a qualified individual due to her inability to fulfill a bona fide job requirement—regular attendance; and 2) Plaintiff's suggested accommodation is not reasonable. (Doc. # 29, p. 19). Plaintiff opposes Defendant, and claims Defendant could have provided a "part time or modified work schedule" as an accommodation under the ADA because "a singular schedule was not essential to the position of Student Service Coordinator—Online" and Plaintiff satisfactorily performed her job duties. (Doc. # 45, p. 19). Plaintiff continues, suggesting Defendant "could have reasonably accommodated [Plaintiff's] disability by allowing her to work later—or to be absent when medically necessary—and make up that time before or after her shifts" because the hours and days were variable, other coordinators worked different times, and the position did not require 40 hours per week. (Doc. # 45, p. 19).

Plaintiff's claim fails as a matter of law. First, she is not a qualified individual. Second, she did not request an accommodation, nor was the after-the-fact request reasonable. To prevail under the ADA, a plaintiff must show that: 1) she has a disability; 2) she is a qualified individual; and 3) the discrimination was the result of an unlawful discrimination based on her disability. Sawinski v. Bill Currie Ford, 881 F.Supp. 1571 (M.D. Fla. 1995). A qualified employee is one who is able to satisfy all of the job's requirements, despite a disability. Southeastern Community College v. Davis, 442 U.S. 397, 506 (1979). "Congress intended for courts to rely on

Rehabilitation Act cases when interpreting similar language in the ADA." Gaston v. Bellingrath Gardens & Home, 167 F.3d 1361, 1363 (11th Cir. 1999) (quoting Prichard v. Southern Co. Services, 92 F.3d 1130, 1132 n. 2 (11th Cir. 1996)). An employee's numerous, unpredictable, and sporadic absences can support a finding that the employee cannot fulfill an essential function of his or her employment—namely, presence on the job. Jackson v. Veterans Admin., 22 F.3d 277, 278 (11th Cir. 1994), cert. denied, 513 U.S. 1052 (1194). The Rehabilitation Act imposes a duty on entities to provide their employees with reasonable accommodation, similar to the ADA. Gaston, 167 F.3d at 1363 (citing Harris v. Thigpen, 941 F.2d 1495, 1525 (11th Cir. 1991)). However, "[t]he duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." Gaston, 167 F.3d at 1363.

While fact questions might remain regarding whether Plaintiff is a qualified individual, there is no question of fact as to whether Plaintiff demanded a reasonable accommodation before her termination—she simply did not—thus, Plaintiff cannot make a prima facie ADA claim. In an attempt to save her ADA claim, Plaintiff now suggests—post termination—that a reasonable accommodation existed in the form of a modified work schedule wherein Plaintiff could stay later or make up hours on different dates. (Doc. # 45, p. 19). This supposed reasonable accommodation ignores the fact that Plaintiff was consistently late for all shifts and sporadically left work without alerting supervisors. Not only does the accommodation lack reasonableness, it was not sought during her employment. Therefore, Plaintiff's ADA claim fails as a matter of law.

### D. Relief under the Florida Civil Rights Act

Both Plaintiff and Defendant concede relief under the Florida Civil Rights Act ("FCRA") is construed in conformity with the ADA. (Doc. # 29, p. 24; Doc. # 45, p. 21, n. 9). Based on the ADA analysis above, the Plaintiff's FCRA claim fails as a matter of law.

Accordingly, it is **ORDERED** that Defendant's, Corinthian Colleges, Inc., a Delaware Corporation d/b/a Everest University, Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, (Doc. # 29), is **GRANTED in Part** and **DENIED in Part**.

Summary judgment is hereby entered in favor of Defendants for Counts III (ADA) and IV (FRCA) of Plaintiff's Complaint.

Summary judgment is denied on Counts I (FMLA) and II (FMLA Retaliation).

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 17th day of December, 2014.

Hon. Elizabeth A. Kovachevich
United States District Judge

Copies to:   All Counsel and Parties of Record